NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY J. BAKER,<br><br>           Plaintiff,<br><br>     v.<br><br>NELSON & KENNARD,<br><br>           Defendant. | Case No.   2:19-cv-01479<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes BEVERLY J. BAKER ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of NELSON & KENNARD ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a 67 year old consumer residing in Diamond Bar, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a "full-service collection firm" whose principal purpose is the collection of past due balances owed to other entities.[1] Defendant is a California law firm with a principal place of business located at 5011 Dudley Boulevard, Building 250, Bay G, McClellan, California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon an outstanding Bank of America consumer obligation ("subject consumer debt") allegedly owed by Plaintiff.

10. Plaintiff originally incurred the subject consumer debt for family and household purposes.

---

[1] http://www.nelson-kennard.com/

2

11. After incurring the subject consumer debt, Plaintiff allegedly defaulted on her payments to Bank of America.

12. Bank of American subsequently turned collection of the subject debt over to Defendant after Plaintiff's purported default.

13. On or around February 15, 2019, Defendant caused to be sent a correspondence to Plaintiff which sought collection of the subject consumer debt. *See* Exhibit A.

14. The correspondence identifies Defendant as "Attorneys at Law" and a "debt collector."

15. The correspondence further represents that it was signed by one of Defendant's attorney's, Jamie Forbes.

16. The nature of the collection letter demonstrates that the attorney purportedly sending the letter sent it as the product of a mass produced letter campaign, absent sufficient review.

17. In the upper right hand corner of the letter, Defendant lists the attorneys associated with Defendant's practice and their respective states of admission.

18. The name Jamie Forbes appears three separate times in this portion of the collection letter, with each appearance being associated with different combinations of states of admission.

19. This was either a mistake in the template used by Defendant, or represented a conscious attempt for Defendant to misrepresent the amount of attorneys associated with its practice in an effort to instill a heightened sense of fear in Plaintiff.

20. Further demonstrating the formulaic nature of Defendant's collection letter sent absent sufficient review is the nature of the RFDCPA and FDCPA disclosure in the correspondence.

21. Although Defendant's letter was addressed to Plaintiff, the RFDCPA and FDCPA disclosure portion of the letter clearly came from a letter designed to be sent to an attorney, rather than a consumer. *See* Exhibit A (e.g., "For the most part, collectors may not tell another person, **other than your office or your client's spouse,** about your client's debt.")

22. Had Defendant meaningfully review the collection letter and nature of Plaintiff's account prior to sending the letter, it would have noticed the error in the template and fixed it accordingly.

23. The information in the bottom left hand corner of the letter further demonstrates the likelihood that this letter was the product of a formulaic template sent absent sufficient review.

24. The bottom left hand portion of the letter reads "T1F.FRM [edited 10/31/18]."

25. This indication, in particular the reference to .FRM, illustrates that this letter is a formulaic template letter that Defendant "edited" on 10/31/18, and subsequently changed only the demographic and debt-related information prior to sending this letter to Plaintiff.

26. The automated nature of the manner in which Defendant sends its collection letters is further demonstrated by the existence of a bar code on the bottom of the collection letter. This bar code is likely included as a way to more readily track the mass amount of formulaic template collection letters Defendant sends to consumers on a daily basis.

27. Additionally, Bank of America is one of the largest issuers of credit in the United States. As such it stands to reason that Bank of America has a proportionally large number of accounts that are referred to collection activities by third-party debt collectors such as Defendant.

28. Bank of America works with Defendant on a regular basis and Defendant sends hundreds of identical collection letters to consumers on a daily basis.

29. Based upon the automated nature of Defendant's collection letter process, and the representations inherent within such communications, it would be virtually impossible for a single attorney to review the mass amount of collection letters Defendant sends in relation to Synchrony debts.

30. The lack of meaningful review in the correspondence sent by Defendant is further evinced upon considering and reviewing the multitude of complaints that have been filed against Defendant

in federal courts throughout the country, as well as with the Consumer Financial Protection Bureau.[2]

31. These complaints elucidate a problematic course of conduct (*inter alia,* repeated attempts to collect upon a debt not owed) which seemingly would or could have been avoided had Defendant's attorneys meaningfully reviewed the correspondences they send to consumers.

32. Defendant's communications, purportedly reviewed by attorneys prior to being sent, are sent with the goal to exert undue pressure on Plaintiff and consumers generally to compel them into making payment out of fear that Defendant, a law firm, will file a lawsuit against them if payment is not made.

33. As a result of receiving the correspondence, Plaintiff was unfairly confused regarding Defendant's representations and examination of the subject consumer debt, and was further subjected to undue pressure that an attorney had reviewed her account and determined it was proper for legal action.

34. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

35. Plaintiff has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

38. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

---

[2] *See* https://www.consumerfinance.gov/data-research/consumer-complaints/search/?from=0&searchField=all&searchText=&size=25&sort=created_date_desc

39. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

40. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

41. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . " 15 U.S.C. § 1692e(2).

> "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

43. Defendant violated 15 U.S.C. § 1692e, e(3), and e(10) by sending a correspondence to Plaintiff stating that it was from, and reviewed by, an attorney. Upon information and belief, the attorney whose signature appears on the correspondence allows their signature to be used on hundreds of similar formulaic collection letters on a daily basis. Based on the sheer volume of collection letters Defendant's attorneys send on a daily basis, Defendant's attorneys could not have engaged in a meaningful review of collection letter sent and the underlying account(s) associated with those letters. Instead, it is clear that Defendant's collection letters were the result of a mass produced campaign, sent absent sufficient review. Sending form collection letters en masse said to be from an attorney when such attorney did not engage in a meaningful review of the letter and associated accounts falsely implies that such attorney has reviewed the file and made the

professional, considered determination to send the letter. Instead, the lack of sufficient review and the lack of any attorney judgment as to whether to send the collection letters is in violation of the FDCPA.

44. Defendant further violated § 1692e, e(2), and e(10) through the repeated references to "your client" included in the FDCPA/RFDCPA disclosures provided in the collection letter. These repeated representations suggested that Plaintiff had an attorney in connection with this matter at the time Defendant sent the collection letter. This amounts to a deceptive and misleading communication, as it suggested to Plaintiff that there was some sort of legal matter proceeding which would require Plaintiff to have representation. However, no legal action had been instituted by Defendant at the time the collection letter, illustrating the deceptive and misleading nature of Defendant's representations.

45. Defendant further violated § 1692e and e(10) through the representations in the collection letter that there were three different attorneys working for Defendant named Jamie Forbes.

### b. Violations of the FDCPA § 1692f

46. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

47. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by falsely representing to Plaintiff that the correspondence was reviewed by an attorney. Based upon the formulaic and mass produced nature of Defendant's collection letter, Defendant unfairly attempted to escalate the concern over the subject consumer debt in Plaintiff's mind by suggesting an attorney had reviewed her file and decided it was appropriate for legal action. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, BEVERLY J. BAKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

49. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

50. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

51. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.13(c)

52. The RFDCPA, pursuant to Cal. Civ. Code § 1788.13(c), prohibits a debt collector from using "[a]ny communication with a debtor in the name of an attorney or counselor at law or upon stationery or like written instruments bearing the name of the attorney or counselor at law, unless such communication is by an attorney or counselor at law or shall have been approved or authorized by such attorney or consumer at law."

53. Defendant violated § 1788.13(c) of the RFDCPA through its representations that the subject debt had been reviewed by an attorney prior to being sent. Given the mass-produced nature of Defendant's collection letter, Defendant's suggestion that an attorney had meaningfully reviewed the account prior to sending the collection letter violates the above referenced portion of the RFDCPA.

**b. Violations of RFDCPA § 1788.17**

54. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

55. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692 e and f of the FDCPA. Defendant engaged in false and unfair conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

56. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, BEVERLY J. BAKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: February 27, 2019　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: /s/ Nicholas M. Wajda
　　　　　　　　　　　　　　　　　　　　Nicholas M. Wajda
　　　　　　　　　　　　　　　　　　　　WAJDA LAW GROUP, APC
　　　　　　　　　　　　　　　　　　　　11400 West Olympic Boulevard, Suite 200M
　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90064
　　　　　　　　　　　　　　　　　　　　Telephone: (310) 997-0471

Facsimile: (866) 286-8433
Email: nick@wadjalawgroup.com